```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
         -v-                           :     06 Cr. 600 (DLC)
                                       :
BASHI MUSE, et al.,                    :         OPINION
                                       :         AND ORDER
              Defendants.              :
                                       :
-------------------------------------- X
```

Appearances:

For United States of America:

Daniel Lawrence Stein
Guruanjan Sahni
Seetha Ramachandran
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

For the Defendants:

David Gordon
Counsel to Defendant Osman Osman
148 East 78th Street
New York, New York 10021

Sam A. Schmidt
Counsel to Defendant Bashir Ahmed
111 Broadway, Suite 1305
New York, New York 10006

DENISE COTE, District Judge:

    On March 21, 2007, the defendants' motion to suppress the electronic surveillance evidence in this criminal case was denied.  See United States v. Muse, 06 Cr. 600 (DLC), 2007 WL

853437 (S.D.N.Y. Mar. 21, 2007) ("Opinion"). The defendants have filed a timely motion for reconsideration. For the following reasons, the motion is denied.

Background

In over a dozen wiretap applications, the Government misidentified the controlled substance which it asserted the targets of surveillance were importing and distributing. The Government identified the controlled substance as khat. Khat is not a controlled substance, but it is the plant that, at least while fresh, contains the Schedule I controlled substance cathinone. Consumers chew khat leaves to obtain the stimulant benefits from the plant.

The affidavits submitted to District Judges to obtain wiretap authorization explained that the Drug Enforcement Administration ("DEA") wanted to intercept and record communications concerning offenses "involving the importation of, distribution of, and possession with intent to distribute of, controlled substances" as well as both the "conspiracy to do the same and attempts to do the same." This portion of the affidavit did not identify the particular substance at issue. In the description of probable cause, however, the affidavits explained that the targets had imported and distributed large

2

quantities of khat, which the affidavits misidentified as a "controlled substance."

The affidavits did not discuss cathinone.  Nor did the affidavits explain that cathinone degrades rapidly after the khat plant is harvested, and that there is little likelihood that cathinone is present in any appreciable quantity in khat leaves once the khat leaves arrive in this country.

In rejecting first the defendants' motion to dismiss the Indictment and later their motion to suppress the electronic surveillance evidence, the Court explained the standard that governs proof of the crime of conspiracy.  Among other things, the Government will be required to prove at trial that a defendant knew that the aim of the conspiracy was to distribute some controlled substance.  Id. at *2.  It was not required to charge in the Indictment (and will not be required to prove at trial), that the defendants conspired to distribute or import any particular quantity of cathinone.  These rulings rejected the defendants' contention that the Government is required to show that sufficient cathinone remained in khat leaves imported into the United States to have a stimulant effect or to constitute a marketable or usable quantity.  Id.

Building on this analysis, the electronic surveillance Opinion rejected the defendants' contention that the alleged errors and omissions from the wiretap affidavits were material.

3

Id. at *4.  For example, if one characterized the affidavit error as a false statement, suppression was not warranted since the affidavits supported issuance of the wiretap orders even if all references to khat being a controlled substance were stricken.  Id. at *5.  Since the identity of the controlled substance is immaterial to the existence of probable cause, probable cause remains even when the misdescription of khat as a controlled substance is stricken.  Id. at *5 & n.3.

Discussion

The defendants move for reconsideration by arguing that the Opinion overlooked the fact that the affidavits did not contain probable cause to believe that cathinone or any controlled substance was present in the khat that the defendants were distributing in the United States.  The defendants contend that this is a material omission.

Although the federal and local rules of criminal procedure do not specifically provide for motions for reconsideration, courts in this district have applied Local Civil Rule 6.3 in criminal cases.  United States v. Yannotti, 457 F.Supp.2d 385, 388-89 (S.D.N.Y. 2006); United States v. Ramirez, No. 03 CR. 834 (SHS), 2004 WL 1252940, at *1 (June 7, 2004).  A motion for reconsideration will generally be denied unless "the moving party can point to controlling decisions or data that the court

4

overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 556 LLP, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted); Yannotti, 457 F.Supp.2d at 389.  "Local Rule 6.3 is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."  Id.  "The decision whether to grant or deny a motion for reconsideration is within the court's sound discretion."  Id.  Affidavits may not be filed with a motion for reconsideration "unless directed by the court."  S.D.N.Y. R.Civ.P. 6.3.

This motion could be quickly denied through a simple application of the reconsideration standard.  In bringing this motion, the defendants ignore every aspect of the standard.  They offer new arguments that they did not present on the original motion, and they repeat other arguments that have been carefully analyzed and rejected.  They submit a supporting affidavit without seeking or obtaining permission to do so.  Nonetheless, because of the importance of these issues to the impending trial, and the confusion that appears to prevail, this opinion will explain further the legal principles that will be applied at the forthcoming trial and why the argument pressed in the reconsideration motion is premised on a fundamental misunderstanding of the law.

5


The gist of the crime of conspiracy, which is one of the crimes listed in each of the affidavits requesting court authorization for electronic surveillance and the principal crime with which each of the defendants is charged in the Indictment, is of course "the agreement to commit one or more unlawful acts." United States v. Jones, 455 F.3d 134, 146 (2d Cir. 2006) (citation omitted). Once the Government shows that a conspiracy or agreement to violate the law existed between two or more individuals, it must show that the defendant knowingly and intentionally joined and participated in the objectives of the conspiracy. United States v. Jones, 30 F.3d 276, 282, 284 (2d Cir. 1994).

When the object of the conspiracy is the violation of the drug laws, the Government need not show that the defendant knew which controlled substance the conspirators have agreed to import or distribute, but must show that he knew that the object of the conspiracy is the importation or distribution of "some controlled substance." United States v. Morgan, 385 F.3d 196, 206 (2d Cir. 2004). For instance, in Morgan, the defendants brought three pieces of luggage from Europe to the United States for another person; the luggage contained the controlled substance MDA, a synthetic drug similar to ecstasy. There was of course no obligation for the Government to prove that the defendants knew precisely what controlled substance was in the

6

luggage. The jury only had to find that the defendants knew that the luggage was being used in an attempt to smuggle drugs. Id. at 207.[1]

Moreover, the Government need not show that any controlled substance was actually imported or distributed to convict a defendant of intentionally participating in the crime of conspiring to import or distribute a controlled substance. After all, "impossibility of success is not a defense." United States v. Recio, 537 U.S. 270, 276 (2003) (citation omitted). The essence of the crime of conspiracy is "the agreement to commit the crime." Id. at 275.

Thus, if the defendants intended to import khat and believed that in doing so they were violating American drug abuse laws because khat itself or some ingredient of khat is illegal in this country, then that would be sufficient to support their conviction. The Government need not show that a defendant knew the word cathinone or knew that cathinone was a controlled substance. And, it is not a defense to a conspiracy charge to show that the khat that they did import actually contained no cathinone. If a defendant understands that there

---

[1] The same principle prevails for the substantive crime of distributing a controlled substance. A defendant need not know the "exact nature of a drug" to violate the law forbidding drug distribution. It is sufficient that he be aware that he is distributing "some controlled substance." United States v. Morales, 577 F.2d 769, 776 (2d Cir. 1978).

7

is a conspiracy to import or distribute a controlled substance and intentionally joins that conspiracy, that is all that is required.  "That the conspiracy cannot actually be realized because of facts unknown to the conspirators is irrelevant." United States v. Wallace, 85 F.3d 1063, 1068 (2d Cir. 1996).  On the other hand, if a defendant shows that he believed that the controlled substance in khat would have degraded before the khat leaves arrived in this country, and that he never intended to join a conspiracy to import or distribute a controlled substance within the United States, that would be a complete defense.

In United States v. Hussein, 351 F.3d 9 (1st Cir. 2003), the First Circuit applied many of these principles in the context of affirming the defendant's conviction of the substantive crime of possessing cathinone with intent to distribute it.  The trial court had charged that the Government had the burden to prove that the defendant "knew that the substance he possessed contained cathinone, or knew that the substance he possessed contained a controlled substance.  A controlled substance is a drug or other substance regulated under federal drug abuse law."  Id. at 17.

The Court of Appeals recited well established principles that ignorance of the law is not a defense, and that the Government need only show that the defendant knew the facts that brought his conduct "within the law's prohibitions."  Id.  For

8

example, in the case of heroin, proof that the defendant knew he possessed heroin is sufficient.  In the case of khat, which is not a controlled substance, however, proof that the defendant knowingly possessed khat is insufficient.  On the other hand, the Government need not show that a defendant knew "the exact nature of the drug" he possessed or that it was cathinone.  Id. at 18.  It is enough if it shows that the defendant knew in a general sense that he had possession of some substance regulated under federal drug abuse laws.  Id. at 19.  See also United States v. Caseer, 399 F.3d 828, 841-42 (6th Cir. 2005); United States v. Sheikh, 367 F.3d 756, 763 (8th Cir. 2004).

   Returning to the renewed motion to suppress the electronic surveillance, it is readily apparent that the defendants' motion proceeds on a flawed assumption.  There was no need for the affidavits in support of the Title III applications to set forth probable cause to believe that cathinone was present in any of the khat being imported into or distributed within the United States.  A conspiracy to import or distribute a controlled substance is complete without any actual importation or distribution of the controlled substance.

CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration of the March 21, 2007 Opinion is denied.

SO ORDERED:

Dated:   New York, New York
         May 29, 2007

```
                          _____
                                DENISE COTE
                          United States District Judge
```